No. 826.—H. W. LIVINGSTON v. BESSIE E. GAUSSEN, Administratrix.

An executor or administrator cannot bind the estate he represents by making or indorsing a promissory note in that capacity, but he will be held personally responsible for the amount, and the holder is not bound to allege or prove that the executor exceeded his powers in order to hold him personally responsible on the note.

The holder of negotiable paper made or indorsed by a party *as executor*, may institute his action against such party individually, leaving to the latter the right to show that he is not personally responsible.

APPEAL from the Second District Court of New Orleans. *Thomas, J. C. M. Conrad & Sons*, for plaintiff and appellant, *Roselius & Philips*, for defendant and appellee.

HOWELL, J. This suit is brought against the legal representative of J. K. Elgee on a note made by him as "executor of the estate of Kelso," to the order of and endorsed by W. & D. Urquhart.

The defendant pleaded the peremptory exception that no cause of action is set out against Elgee individually, as he signed said note in his fiduciary capacity, and plaintiff could only sue the estate of Kelso.

In support of this exception, which was maintained by the judge *a quo*, defendant's counsel quote the cases of Gillet v. Heirs of Rachal, 9 R. 276, and Bank of Louisiana v. Dejean, 12 R. 16.

In these cases the representatives of the successions were declared not to be personally liable on notes signed by them in their fiduciary capacity, because, *in defense*, it was shown that they had not bound themselves individually, but had, to the knowledge of the plaintiff, simply given acknowledgments, in the form of notes, of debts existing at the opening of the successions represented by them. In each of the

cases the general doctrine was distinctly recognized, " that an executor or other administrator, by making or indorsing a note in that capacity, cannot thereby bind the estate, but will make himself responsible for its amount," that he " cannot, in any transaction in which he pretends to act as such, create any liability on the estate, or change the nature of its obligations, or increase its responsibility with regard to its outstanding debts, and if he do so, he will be personally bound." This is the well settled doctrine in our jurisprudence on this subject. See 8 N. S. 451; 2 L. 185; 1 R. 119; 17 A. 17. And the question is, must the holder of a note made by an executor allege that the latter exceeded his powers and functions, in order to maintain an action against him personally ?

We think not. The powers of executors and administrators are conferred by law, and among them is not the power to make and indorse notes. When therefore they assume or exercise such a power, the presumption of law is against them, and the burden is on them to plead and show in defense that they are not individually liable. In the case of Russell & Barstow v. Cash et al., 2. L. 185, which was a suit on a draft drawn by the defendant Cash as " executor of Moses Kirkland, deceased," the charge of the District Judge to the jury, " that the allegations of the petition would not support an action against the executor in his individual capacity; he must be charged with having improperly and falsely described himself as executor after his functions had ceased," was not sustained, and the court said, " the executor having no authority to bind the estate by drafts, bills of exchange or notes, the suit against him as representative of the estate cannot be maintained. * * * The defendant is however responsible on the draft given, in his private capacity. The words, 'executor of Moses Kirkland,' added to his signature, can be considered in no other light but as words of description, which neither add to, nor diminish the individual and personal responsibility of the party using them," and judgment was rendered against Cash individually, although he was sued only in his representative capacity.

In Flower et al. v. Swift, 8 N. S. 451, it said, " as the executor cannot bind the estate by indorsement, it follows, that the liability resulting from those he makes, is personal."

Mr. Parsons in his work on Notes and Bills, vol. 1, p. 161, maintains the same doctrine and says: "If an administrator or executor make, indorse or accept negotiable paper, he will be personally liable, even if he adds to his own name the name of his office, signing a note, for example, ' A, as executor of B;' for this will be deemed only a part of his description, or will be rejected as surplusage."

Wherever, therefore, negotiable paper is made or indorsed by a party as executor, the holder is not bound to consider it a mere acknowledgment of a debt of the estate, and required to wait for payment in the

ordinary course of administration; but he may institute his action against such party individually, leaving to the latter the right under certain circumstances to set up a defense that he is not personally responsible.

It is therefore ordered that the judgment appealed from be reversed, the exception of the defendant overruled, and this cause remanded to be proceeded in according to law. Costs of appeal to be paid by defendant and appellee.